# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-3007**                                    **September Term, 2020**

**1:04-cr-00355-CKK-6**

**Filed On:** August 27, 2021

United States of America,

       Appellee

      v.

Aaron Perkins, also known as Short,

       Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Pillard, Rao, and Jackson, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. Upon consideration of the foregoing, it is

**ORDERED and ADJUDGED** that the district court's February 5, 2021 order denying appellant's motion for compassionate release be affirmed. Appellant requested compassionate release under 18 U.S.C. § 3582(c)(1)(A), which, in pertinent part, allows a court to reduce a defendant's sentence if it determines "extraordinary and compelling reasons" warrant release after considering the relevant 18 U.S.C. § 3553(a) factors. The district court concluded that appellant had demonstrated neither extraordinary and compelling reasons nor that the § 3553(a) factors weighed in favor of release. Neither conclusion was an abuse of discretion. See United States v. Long, 997 F.3d 342, 352 (D.C. Cir. 2021).

The district court acted within its discretion in determining that appellant failed to demonstrate an extraordinary and compelling reason for compassionate release based on potential long-term effects of his having previously contracted COVID-19 and the possibility of his reinfection given appellant's age and lack of other medical conditions.

The district court likewise acted within its discretion in concluding that appellant's 30-year mandatory minimum sentence under 18 U.S.C. § 924(c) was not an

**No. 21-3007**                                              **September Term, 2020**

extraordinary and compelling reason for compassionate release.  Although courts have concluded that "stacking" of § 924(c) counts may present an extraordinary and compelling reason under § 3582(c)(1)(A), see, e.g., United States v. McCoy, 981 F.3d 271, 285 (4th Cir. 2020), appellant's 30-year sentence was not the result of "stacking" and was instead because of appellant's possession of a machine gun during and in relation to a crime of violence, see 18 U.S.C. § 924(c)(1)(B)(ii).

Finally, the district court properly analyzed the relevant § 3553(a) factors and did not abuse its discretion in concluding that, on balance, they weighed against compassionate release.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk